# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal No. 06-201 (GK)(AK) |
| ROBERTO MONTALVO, | |
| Defendant. | |

**FILED**

AUG 2 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## DETENTION MEMORANDUM

The Defendant, Roberto Montalvo, has been indicted by a grand jury with knowingly and unlawfully distributing 50 grams or more of crack cocaine, a Schedule II narcotic, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A)(iii).  The government requested a detention hearing, which was held on August 18, 2006.  At the conclusion of the hearing, the Court found that the Defendant should be held without bond.  This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

## Findings of Fact

Defendant is charged with selling 60.4 grams of crack cocaine to a confidential informant. Because the Defendant has been charged by indictment, the Government proceeded by proffer. According to the Government, on November 19, 2004 at approximately 4:00 in the afternoon, Defendant arranged to meet a confidential informant in the neighborhood of 14th and Shepard Street, NW, in Washington, DC. The confidential informant arrived first, followed by the Defendant. The transaction took place in the informant's government-issued car. The informant showed Defendant $2000, which had been provided to him by law enforcement officers. Video surveillance then shows Defendant handing the informant crack cocaine. At the conclusion of the transaction, Defendant left the area. The informant then met with law enforcement officers and turned over crack cocaine, which came to 60.4 grams.

At the time of the transaction, Defendant was on probation for possession of drug paraphernalia in Maryland. Additionally, he was convicted in the District of Columbia in 1999 for distribution of cocaine.

## Discussion

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d

846, 848 (8th Cir. 1986). When, as here, a grand jury finds that there is probable cause to believe

that a Defendant has committed a violation of the Controlled Substance Act for which a

maximum penalty of 10 years or more is prescribed, a rebuttable presumption arises that the

Defendant constitutes a danger to the community, and no pretrial release condition or

combination of conditions may be imposed to reasonably assure the safety of the community. 18

U.S.C. § 3142(e).

In determining whether there are conditions of release which will reasonably assure the

Defendant's future presence in court or assure the safety of any other person and the community,

the judicial officer shall take into account the available information concerning (1) the nature and

circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3)

the Defendant's history and characteristics, including the Defendant's ties to the community; and

(4) the nature and seriousness of the danger to any person or to the community which would be

posed by the Defendant's release. *See* 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention. Defendant

is charged with selling more than 60 grams of crack cocaine, a dangerous drug. The second

factor, the weight of the evidence, also favors detention. The Government allegedly has audio

and video recordings of the transaction in which Defendant exchanged approximately 60 grams

of crack cocaine for $2000.

The third factor, the history and characteristics of the Defendant, does not favor detention.

The Defendant has been employed for the past five years with a painting company. His employer

has confirmed that the Defendant's job would be waiting for him, were he to be released.

Additionally, Defendant lives with his wife, their child, and his wife's three other children.

Defendant cares for all four children.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, however, favors detention. The Defendant is charged with intentional distribution of a significant amount of crack cocaine. The fact that Defendant engaged in drug trafficking while on probation in another drug-related case convinces this court that Defendant cannot be trusted to abide by any conditions of release that the Court might set.

### Conclusion

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes that the evidence clearly and convincingly establishes that the Defendant's pretrial release would constitute an unreasonable risk of danger to the community. The presumption in favor of detention established by the statute has not been overcome by the Defendant in this case. Moreover, upon consideration of the release conditions set out in 18 U.S.C. § 3142(c), this Court concludes that no condition or combination of conditions can be imposed to reasonably assure the safety of the community. Therefore, the government's motion for pretrial detention is granted.

Dated: August 21, 2006

_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE