UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO. 06-201 (GK) |
| v. : | |
| : | |
| ROBERTO MONTALVO, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S MOTION FOR GUIDELINES CREDIT AND
MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves the Court, pursuant to § 3E1.1(a) & (b) of the Sentencing Guidelines, to adjust the Defendant's offense level down three levels reflecting the Defendant's acceptance of responsibility for this offense. The United States also submits this memorandum in aid of sentencing.

**I.   BACKGROUND**

On July 6, 2006, the Defendant was indicted on one count of Unlawful Distribution of 50 Grams or More of Cocaine Base, in violation of Title 21 United States Code, Sections 841 (a)(1) and (b)(1)(A)(iii). On November 30, 2006, the Defendant was charged in a one-count criminal Information with Distribution of 5 Grams or More of Cocaine Base, in violation of Title 21 United States Code, Sections 841(a)(1) and (b)(1)(B)(iii). On the same date, the Defendant pled guilty to the Information. At that time the Defendant signed a "Statement of offense" and admitted to following:

1

On November 19, 2004, at approximately 4:00 p.m., a cooperating source who was working with agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives Agency ("ATF") drove to the area of 14th and Shepard Streets, N.W., in the District of Columbia, after arranging to meet the Defendant there in order to purchase a quantity of crack cocaine. The cooperating source arrived on 14th Street, stopped the vehicle near the intersection of Shepard Street, and the Defendant got into the front passenger seat of the vehicle. The cooperating source and the Defendant engaged in conversation, and the Defendant handed the cooperating source a plastic bag that contained a white, rock-like substance in exchange for $2000.00 in pre-recorded ATF funds. Thereafter, the Defendant exited the vehicle near the corner of 14th and Shepard Streets, N.W., and the cooperating source drove out of the area, and then met with an ATF agent who took custody of the substance that had been purchased from the Defendant. That substance was later submitted to the Drug Enforcement Agency's laboratory where chemical analysis determined that the substance was cocaine base, with a net weight of 60.4 grams. The transaction between the Defendant and the cooperating source was monitored and recorded through the use of an interior audio and video recording device.

## II.     SENTENCING CALCULATION

### A.     Statutory Minimums and Maximums

The charge carries a mandatory minimum sentence of five years imprisonment, a maximum sentence of 40 years imprisonment, a fine of up to $2,000,000.00, a special assessment of $100.00, and at least four years of supervised release.

### B.     Sentencing Guidelines Calculation

The Guidelines calculation utilized in the Presentence Investigation Report ("PSR") calculates the Defendant's total offense level at 29. See PSR ¶ 18. (This calculation contemplates

a three-level decrease to the Defendant's base offense level pursuant to Section 3E1.1 of the Guidelines). The PSR calculates the Defendant's criminal history as Category III. See PSR ¶ 24. Therefore, the PSR calculates the Guideline range for the Defendant at 108 to 135 months. See PSR ¶ 53.

### III.    GOVERNMENT'S RECOMMENDATIONS

#### A.    Acceptance of Responsibility

The government agrees that the Defendant's base offense level should be decreased by three points pursuant to Section 3E1.1 of the Sentencing Guidelines. He entered a guilty plea, thereby admitting the conduct comprising the offense, and he has cooperated in the pre-sentence investigation. Accordingly, the government is moving the Court to grant a three-level decrease in the offense level pursuant to § 3E1.1 of the Sentencing Guidelines.

#### B.    Application of the Federal Guidelines post-Booker

The Court should impose a sentence at the lowest end of the Guidelines range. "The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." United States v. Booker, 125 S. Ct. 738, 767 (2005) (citing 18 U.S.C. Sections 3553(a)(4)&(5) (Supp. 2004)). The Guidelines, aiming to achieve the uniform and appropriate treatment of like crimes, represent the distillation of two decades of careful study of sentencing practices across the country, and correlate as well to the varying severity of crimes as defined by Congress. A sentence within the Guideline range is reasonable in this case because it would help further the goals articulated in 18 U.S.C. Section 3553(a) such as "the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and (D) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

    C.    <u>Basis for Government's Sentencing Recommendation</u>

Pursuant to 18 United States Code, Section 3553(a), the Court should impose a sentence of 108 months. This low-end Guidelines sentence is appropriate for a number of reasons. First, the serious nature and circumstances of the offense justifies imposition of the 108 months imprisonment. Here, the Defendant pled guilty to a serious drug felony, which he committed after having been convicted for distribution of crack cocaine in case F-4432-99, and while on probation for a Maryland possession of drug paraphernalia offense. Second, the history and characteristics of the Defendant warrant a sentence of 108 months imprisonment. The Defendant has previously been afforded probationary sentences for his drug-related convictions. Despite his prior criminal history and experience in the criminal justice system, and his more recent employment as a painter, the Defendant was undeterred from his criminal behavior, and he chose to sell drugs. Finally, in this case -- a case in which the Defendant sold 60.4 grams of crack cocaine to an informant -- a Guidelines sentence is necessary to promote respect for the law, provide just punishment for the offense and adequately deter the Defendant's criminal conduct, and there are no factors that warrant the Defendant being treated differently from other similarly situated defendants.

**IV.     CONCLUSION**

Wherefore, the government respectfully requests that the Court sentence the Defendant at the lowest end of the Guidelines to a period of 108 months of incarceration.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar 498-610

_____
Precious Murchison
Assistant United States Attorney
Federal Major Crimes Section
Maryland Bar
555 4th Street, N.W.
Washington, DC 20530
(202) 307-6080
Fax: 353-9414