UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES | : |
| | :    06-201 (GK) |
| v. | : |
| | : |
| ROBERTO MONTALVO | : |

<u>DEFENDANT'S MEMORANDUM IN AID OF SENTENCING</u>

Mr. Montalvo is before the Court having pled guilty to one count of distribution of 5 grams or more of crack cocaine.

The statutory mandatory minimum sentence in this case is five years. The Court should impose only the statutorily required sentence of five years, which would constitute a reasonable sentence below Mr. Montalvo's currently calculated guidelines range of 108-135 months.

<u>Mr. Montalvo's Criminal History Score Over-represents the Seriousness of His Criminal History, Justifying a Downward Departure Under §4A1.3(b)</u>

The conduct of which Mr. Montalvo stands convicted occurred on November 19, 2004. Since that time, Mr. Montalvo has not been so much as arrested for any other offense.

Mr. Montalvo's only prior felony conviction resulted in a probationary sentence which Mr. Montalvo completed so successfully that he was granted early termination from probation. (PSR para 20). That sentence was imposed pursuant to the Youth Rehabilitation Act ("YRA"), D.C. Code section 24-901 *et. seq.* Pursuant to D.C. Code section 24-906(e)

> Where a youth offender has been placed on probation by the court, the court may, in its discretion, unconditionally discharge the youth offender from probation before the end of the maximum period of probation previously fixed by the court. The discharge shall automatically set aside the conviction.

Absent any evidence to the contrary, it would thus appear that the sentence referenced in the PSR at paragraph 20, has been set aside. This fact does not render the sentence unavailable for purposes of calculating Mr. Montalvo's criminal history score (*see* application note 10,

§4A1.2). Nonetheless, the Court should consider the fact that the conviction has been set aside in determining whether Mr. Montalvo's criminal history score over-represents the seriousness of his criminal history.

The only other criminal conviction that Mr. Montalvo sustained prior to the instant offense was for the misdemeanor offense of possession of drug paraphernalia (hereinafter "PDP"). Because Mr. Montalvo was on probation for this minor offense at the time that he committed the instant offense, two points have been added to his criminal history score. (PSR para 23).

Were Mr. Montalvo's set aside YRA conviction, and the fact that Mr. Montalvo was on probation for PDP, not to have been considered in calculating his criminal history score, then Mr. Montalvo would have been safety valve eligible pursuant to §5C1.2. Were Mr. Montalvo to have been safety valve eligible, then the Court could have sentenced him to less than the mandatory minimum five years otherwise required by statute.

The combined effect of considering the set aside YRA conviction, and the fact of Mr. Montalvo's probation for PDP, is to over represent Mr. Montalvo's criminal history and the likelihood that Mr. Montalvo will commit other crimes. Pursuant to §4A1.3(b), the Court may depart downward to take into account this over representation of Mr. Montalvo's criminal history and the likelihood that he will commit other crimes. *See, e.g., United States v. Yerena-Magana,* 478 F.3d 683, 685 & n.7 (5th Cir. 2007) (after finding that the defendant's illegal entry into U.S. and his drug distribution were separate offenses and therefore yielded a criminal history category which removed defendant from safety-valve eligibility, court found that criminal history category over represented defendant's criminal history and therefore departed

downward); *United States v. Wallace,* 204 Fed. Appx. 187 (4th Cir. 2006) (court departed downward under §4A1.3(b) for over-representation of defendant's criminal history category).

The fact that since 2004, Mr. Montalvo has not been arrested for any other offense is evidence that Mr. Montalvo's criminal history and likelihood to commit other crimes is over represented by his criminal history score as calculated.

Section 4A1.3(b)(2) prohibits a departure below criminal history category I, for over representation of a defendant's criminal history. Thus, departing as low as section 4A1.3(b)(2) permits, results in a guidelines range of 87-108 months (offense level 29; criminal history level I).

<u>A Below Guidelines Sentence is Warranted Pursuant to 18 U.S.C. § 3553(a)</u>

However, the Court should depart below even that guideline range based upon the history and characteristics of Mr. Montalvo. Mr. Montalvo is married and supports not only his own child, but the three other children born to his wife prior to their relationship. From 2001 to the time of his incarceration in the instant case, Mr. Montalvo worked as a painter and earned the support of his employer as indicated in the attached letter. As all of the attached letters indicate, Mr. Montalvo enjoys the strong support of family and friends who all will contribute to his success once he is released to the community.

Conclusion

In light of all of the forgoing, counsel asks that the Court sentence Mr. Montalvo to no more than 60 months incarceration.

Respectfully submitted,

_____
Nikki Lotze
Roberts & Wood
6801 Kenilworth Avenue
Suite 202
Riverdale, MD 20737
(301) 699-0764

CERTIFICATE OF SERVICE

_____I hereby certify that I have served the foregoing sentencing memorandum electronically and by facsimile, to

AUSA Precious Murchison
Office of the United States Attorney
555 Fourth Street, NW
Washington, D.C. 20530

_____
Nikki Lotze